**IT IS ORDERED as set forth below:**



Date: June 15, 2017

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 14-65320-WLH |
| ROCKY RENE WHITE, | : | |
| Debtor. | : | |
| | : | |
| JASON PETTIE, as Chapter 7 Trustee For the Estate of Rocky Rene White, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO. 15-05421-WLH |
| v. | : | |
| KEVIN RINGO and SHECHEM INDUSTRIES, INC., | : | |
| Defendants. | : | |

### ORDER

This matter came before the Court on Defendant Shechem Industries, Inc.'s ("Shechem") Motion for Entry of Final Judgment Under Rule 54(b) ("Motion") (Docket No. 91) and Plaintiff's response objecting to the entry of final judgment ("Objection") (Docket No. 94). For the reasons stated below, the Court denies Plaintiff's Objection and grants Shechem's Motion.

1

## FACTS

Plaintiff Jason Pettie ("Plaintiff") filed this adversary proceeding on October 30, 2015, seeking to avoid certain transfers from Debtor Rocky White ("Debtor") to Defendants Kevin Ringo ("Ringo") and Shechem Industries, Inc. ("Shechem"). Specifically, the complaint sought: to avoid the transfer of the Debtor's interest in a certain business entity to Ringo under state law (Counts 1-3), to avoid a transfer of real property located at 1390 Hillside Drive, Grayson, Georgia ("Hillside Property") to Shechem under 11 U.S.C. § 548 (Counts 4-5), the recovery of the avoided transfers to Ringo and Shechem (Count 6), the turnover of the Hillside Property under 11 U.S.C. § 542 (Count 7), a claim for open account against Shechem (Count 8), and a claim for unjust enrichment against Shechem (Count 9).

On June 6, 2016, Shechem filed a motion seeking summary judgment on Counts 7 through 9 (Docket No. 42). The Court granted the motion in part, granting summary judgment in favor of Shechem on Counts 7 and 8 while denying summary judgment as to Count 9 without prejudice to later renewal (Docket No. 66). Shechem also filed a motion seeking summary judgment on Counts 4 and 5 (Docket No. 61) and later a renewed motion seeking summary judgment on Count 9 (Docket No. 78). The Court ruled in favor of Shechem on all remaining counts on October 24, 2016 (Docket No. 86) (together with Docket No. 66, the "Summary Judgment Orders"). Approximately five months later, Shechem filed the Motion seeking the certification of the Summary Judgment Orders as final orders pursuant to Fed. R. Civ. P. 54. In response, Plaintiff filed the Objection stating that certain new evidence created a dispute as to the facts surrounding the unjust enrichment claim, Count 9. The Court held a status conference on May 4, 2017, where it stated it would construe Plaintiff's Objection as a request for the Court to effectively reconsider the order granting summary judgment in favor of Shechem.

The new evidence alleged by Plaintiff was the testimony of Joe Forrester,[1] the founder of Shechem, during a trial in a related proceeding that was held in the months between the issuance of the Summary Judgment Orders and the filing of the Motion.[2]  Plaintiff argues that the testimony is relevant because it contradicts facts on which the Court relied in granting Shechem summary judgment on Count 9.  Specifically, in Shechem's renewed motion for summary judgment on Count 9, it argued that Shechem could not have been unjustly enriched by the transfer of the Hillside Property because it had to pay over $149,000 in repairs and also had to pay for taxes and insurance that the Debtor was obligated to pay but never did.  In his response to the renewed motion for summary judgment Plaintiff argued—without presenting any evidence—that the taxes and insurance were not paid by Shechem but were instead paid by a business entity related to the Debtor.  In the Objection, Plaintiff argues that Mr. Forrester testified at the trial that Shechem had not paid the taxes and insurance, and that this evidence warrants revision of the order granting summary judgment in favor of Shechem on the unjust enrichment claim.

## ANALYSIS

*Reconsideration of Summary Judgment Order*

Fed. R. Civ. P. 54(b), made applicable to this proceeding by Fed. R. Bankr. P. 7054, states in pertinent part that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Rule 54 therefore grants the Court discretion to revise or reconsider its orders at any time prior to final judgment.  Herman v. Hartford Life and Acc. Ins. Co., 508 Fed. Appx. 923, 927 fn.1 (11th Cir. 2013); Perkins v. Atlanta Perinatal Assocs., P.C. (In re Int'l Mgmt. Assocs.), 2015 WL 2354073, at *3 (Bankr. N.D. Ga. May 13, 2015).

---

[1] Plaintiff also attached certain previously discovered documentary evidence to the Objection.
[2] The trial was held in the case of White v. White, Adversary Proceeding No. 14-05331.

3

Though Rule 54(b) does not provide any guidelines for determining whether reconsideration of a non-final order is appropriate, courts within the Eleventh Circuit have agreed that "a motion for reconsideration should only be granted if there is (1) an intervening change in controlling law, (2) newly discovered evidence, or (3) the need to correct clear error or prevent manifest injustice."  Raiford v. National Hills Exchange, LLC, 2014 WL 97359, at *1 (S.D. Ga. Jan. 8, 2014) (citing Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC., 2008 WL 5691349, at *1-2 (S.D. Fla. Mar. 14, 2008)); accord McChesney v. Old Republic Nat'l Title Ins. Co., 2009 WL 10664926, at *2 (N.D. Ga. May 19, 2009); Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010); Merrett v. Liberty Mut. Ins. Co., 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013); Jones Creek Inv'rs, LLC v. Columbia Cty., 2016 WL 593631, at *2 (S.D. Ga. Feb. 12, 2016).  "The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision, for reconsideration is an extraordinary remedy to be employed sparingly."  Raiford, 2014 WL 97359, at *1 (citing Voter Verified, Inc. v. Election Sys. & Software, Inc., 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011)).

Plaintiff does not specify which specific standard is the basis for the Objection, however. Plaintiff fails to argue any change in controlling law or clear error of law or fact, instead stating that "a grant of summary judgment can be revised as evidence warrants."  Accordingly, the Court will construe the Objection as based on newly acquired evidence.  For an order to be revised on the basis of new evidence, the moving party must establish that the evidence in question is in fact "new" or was previously unavailable.  See Neibert v. Computer Sciences Corp., 2014 WL 11460478, at *3 (N.D. Ga. May 16, 2014) ("[I]t is improper to use a motion for reconsideration as a vehicle to present new…evidence that should have been raised earlier….") (quotation omitted); GTR Rental, LLC v. DalCanton, 547 F. Supp. 2d 510, 516 (D.S.C. 2008)

4

("Motions for reconsideration are inappropriate merely to introduce…new evidence that could have been adduced during the pendency of the prior motion."). In addition, the evidence would have to "materially change the analysis" in the order seeking to be reconsidered. Gridley v. Cleveland Pneumatic Co., 127 F.R.D. 102, 103-04 (M.D. Pa. 1989); Vornado Realty Trust v. Castlton Envir. Contractors, LLC, 2013 WL 5719000, at *3 (E.D.N.Y. Oct. 18, 2013).

Plaintiff has failed to carry his burden as to both the documentary evidence submitted with the Objection and the testimonial evidence of Joe Forrester. With respect to the documents submitted as exhibits to the Objection, it is undisputed that Plaintiff was in possession of each of the documents while Shechem's summary judgment motions were pending. With respect to the testimonial evidence from Mr. Forrester, Plaintiff conducted a deposition of Mr. Forrester on February 9, 2016, approximately four months prior to Shechem's first motion for summary judgment. Additionally, Plaintiff does not dispute that the relevant documents were in his possession when he deposed Mr. Forrester. Plaintiff could have raised questions regarding the payment of taxes and insurance prior to Shechem's summary judgment motions had he so decided. "[I]f the movant had the opportunity to present the evidence or litigate the issue earlier, but did not do so, either because of inadvertence or strategic maneuver, the Rule 54(b) motion should be denied." Rockland Exposition, Inc. v. Alliance of Automotive Serv. Providers of New Jersey, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012). Plaintiff has failed to show there is any new evidence that warrants reconsideration of the Summary Judgment Orders.

Furthermore, even if the Court did consider the submitted documents and Mr. Forrester's trial testimony to be newly discovered evidence, it would not materially affect the Court's analysis of the unjust enrichment claim, as the Court previously considered the possibility that Shechem did not pay the taxes and insurance for the Hillside Property. Plaintiff argued in response to Shechem's renewed motion for summary judgment that Shechem did not actually

5

pay the taxes and insurance on the Hillside Property, even though no evidence was presented on this point. The Court held that even assuming Plaintiff's position were supported with evidence, the Court's conclusion would not change—Shechem was not unjustly enriched. See Adv. No. 15-05421, Docket No. 86, p.28 & n.7. Therefore, the Court determined the outcome of the unjust enrichment claim would be unchanged even if the taxes and insurance were paid by someone other than Shechem.[3] The court finds the evidence presented by Plaintiff is neither "new evidence" within the context of a motion to reconsider nor is it material to the Court's prior analysis of the unjust enrichment claim. Accordingly, Plaintiff has failed to show a compelling reason for the Court to reconsider its prior holding, and his Objection is therefore denied.

*Certification of Summary Judgment Order as Final Under Rule 54*

Fed. R. Civ. P. 54(b) governs the certification of judgments as final, stating in relevant part "[w]hen an action presents more than one claim for relief…the court may direct entry of a final judgment as to one or more, but fewer than all, claims…only if the court expressly determines that there is no just reason for delay." To make a determination under Rule 54(b), courts must engage in a two-step process: first, making a determination that a "final judgment" has been entered, and second, finding that there is no just reason to delay certification of the final judgment. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980); see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007); In re Thadikamalla, 2012 WL 7009639, at *1 (Bankr. N.D. Ga. Dec. 18, 2012).

To qualify as a final judgment, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Curtiss-

---

[3] To the extent Plaintiff seeks for the Court to reconsider its order under the "clear error" standard rather than the "new evidence" standard, the Court finds its previous determination that the outcome of the unjust enrichment claim would be the same regardless of which entity paid the taxes and insurance precludes a finding that the Court made a clear error of fact.

6

Wright Corp., 446 U.S. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)). In other words, the judgment must fully dispose of a substantive claim that is separable from other claims in the proceeding. In re Douglas Asphalt Co., 2012 WL 423784, at *3 (Bankr. S.D. Ga. Jan. 13, 2012). "Claims are separable when…different sorts of relief are sought." In re Southeast Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995). Plaintiff's complaint names two defendants—Shechem and Ringo—and seeks to avoid two factually distinct transfers that occurred more than three years apart. Plaintiff's claims against Shechem involved only the transfer of the Hillside Property, whereas Plaintiff's claims against Ringo involved only the transfer of the Debtor's interest in a certain business entity. The Summary Judgment Orders are the ultimate disposition of all Plaintiff's claims against Shechem, and those claims are entirely independent of Plaintiff's remaining claims against Ringo; therefore the Court finds the Summary Judgment Order qualifies as a final judgment for the purpose of Rule 54(b).

The Court must next determine whether there is any just reason for delay. In making its determination, a court "must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp., 446 U.S. at 8. "Consideration of the former is necessary to assure that the application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Mackey, 351 U.S. at 438); see also Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 167 (11th Cir. 1997) ("The federal concept of sound judicial administration and efficiency will not normally be furthered by [having piecemeal appeals]."). Here, the claims resolved in the Summary Judgment Orders are entirely separate from the claims that remain pending against Ringo, and the factual and legal distinctions of the remaining claims against Ringo are such that the same issues would not have to be decided more than once if appealed separately from the Summary Judgment Orders. Further, any appeal of the Summary Judgment Orders will not disturb or prejudice the remaining claims. The Court also

finds that the equities favor entry of a final judgment. Once the findings in favor of Shechem are finalized, Shechem will be fully released from this litigation; it would be prejudicial to Shechem to require it to wait for entirely unrelated claims against an unrelated entity to be resolved. Therefore, the Court finds there is no just reason for delaying the certification of the Summary Judgment Orders as final pursuant to Rule 54(b).

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that Plaintiff's Objection is DENIED.

**ORDERED FURTHER** that the Summary Judgment Orders are certified as final orders pursuant to Fed. R. Bankr. P. 7054 and Fed. R. Civ. P. 54(b).

### ### END OF ORDER ###

**DISTRIBUTION LIST**

Terrence Shannon
Terrence Shannon, P.C.
PO Box 91
Porterdale, GA 30070

Robert Jackson Wilson
Robert Jackson Wilson, P.C.
10 Lumpkin Street
Lawrenceville, GA 30046

J. Michael Lamberth
Lamberth, Cifelli, Ellis & Nason, P.A.
Suite W212
1117 Perimeter Center West
Atlanta, GA 30338